UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

OLGA DAVILA,

                                        Plaintiff,

                against,

THE NEW YORK CITY DEPARTMENT OF
EDUCATION, MEISHA PORTER, CHARLES
PEEPLES, PRINCIPAL DOREEN CONWELL, IA
PRINCIPAL ASIA BURNETT, VIVIAN ORLEN,
MICHAEL MULGREW, DAVID CAMPBELL,
UNITED FEDERATION OF TEACHERS, and
LEROY BARR,

                                     Defendants.

**MEMORANDUM AND ORDER**
22-cv-7561 (LDH) (LB)

---

LASHANN DEARCY HALL, United States District Judge:

       Olga Davila ("Plaintiff"), proceeding pro se, brings the instant action against The New York City Department of Education, Meisha Porter, Charles Peeples, Principal Doreen Conwell, IA Principal Asia Burnett, Vivian Orlen, Michael Mulgrew, David Campbell, United Federation of Teachers, and LeRoy Barr (collectively, "Defendants"), alleging wrongful termination in violation of her constitutional rights.

### BACKGROUND

       Plaintiff initiated this action on December 21, 2022, claiming she was wrongfully terminated as a public-school teacher. (*See* ECF No. 1.) On July 6, 2023, the Court set a briefing schedule for Defendants' motion to dismiss, ordering Plaintiff to serve Defendants with any opposition papers on or before September 8, 2023. On June 23, 2023, the Court ordered a bifurcated briefing schedule as to Defendants United Federation of Teachers Local 2, AFT, AFL-

CIO, Michael Mulgrew, LeRoy Barr, and David Campbell (collectively, "UFT Defendants"), directing Plaintiff to serve her opposition to the UFT Defendants' motion on or before October 6, 2023. Meanwhile, the Court maintained the original briefing schedule as to Defendants The New York City Department of Education, Meisha Porter, Asia Burnett, Charles Peeples, Doreen Conwell, and Vivian Orlen (collectively, the "DOE Defendants").

On October 12, 2023, the UFT Defendants informed the Court that Plaintiff had not yet served any opposition to the UFT Defendants' motion to dismiss. (ECF No. 33.) Likewise, on October 18, 2023, the DOE Defendants informed the Court that Plaintiff had not yet served any opposition to the DOE Defendants' motion to dismiss. (ECF No. 34.) On October 20, 2023, the Court granted Plaintiff an additional opportunity to serve Defendants with her opposition briefs on or before October 27, 2023. Importantly, the Court warned that "failure to timely serve the opposition briefs will result in dismissal of this case for failure to prosecute." On November 3, 2023, Defendants informed the Court that Plaintiff had still not served any opposition briefs to the motions to dismiss. (ECF No. 35, 36.) On November 30, 2023, the Court granted Plaintiff another opportunity by ordering her to file the opposition briefs on or before December 4, 2023. The Court again warned that "[f]ailure to abide by this Order shall result in dismissal for failure to prosecute." Still, Plaintiff filed no opposition briefs. On December 5, 2023, the Court granted Plaintiff "a third and final" opportunity to file her opposition briefs on or before December 8, 2023, again warning that "[f]ailure to abide by this Order shall result in dismissal for failure to prosecute." Despite multiple extensions, Plaintiff never filed any opposition briefs.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)

if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]"  Fed. R. Civ.

P. 41(b).  The prudent application of this rule is "'vital to the efficient administration of judicial

affairs and provides meaningful access for other prospective litigants to overcrowded courts.'"

*Manshul Const. Corp. v. Int'l Fid. Ins. Co.*, 182 F.3d 900, 900, 1999 WL 461756, at *2 (2d Cir.

1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42

(2d Cir. 1982)) (dismissing *sua sponte* with prejudice).  Notwithstanding its benefits, disposal of

cases for failure to prosecute is "'a harsh remedy to be utilized only in extreme situations.'"

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v.*

*Rutland Hospital, Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)).  Thus, as a procedural

safeguard, district courts must balance five factors—none of which are dispositive—when

determining whether to dismiss for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535

(2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to

dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant."  *Lucas*, 84

F.3d at 535.  That said, the latitude afforded to unrepresented parties does not exempt them from

diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab'y.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here. *First,* four months have lapsed since Plaintiff's opposition briefs were first due. While there is no bright-line rule, the Second Circuit has found similar periods of inaction sufficient to warrant dismissal. *See, e.g.*, *Lyell Theatre Corp.*, 682 F.2d at 42–43 (noting that delays lasting "merely a matter of months" may support dismissal). Therefore, a delay of four months is more than sufficient.

*Second*, Plaintiff has been given three opportunities to comply with the Court's directives, and three clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute, including on October 20, 2023, November 30, 2023, and December 5, 2023. These notices are sufficient to support dismissal here. *See, e.g.*, *Hunter v. New York State Dep't of Corr. Servs*., 515 F. App'x 40, 43 (2d Cir. 2013) (finding notice of dismissal sufficient where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Defendants. Whether responding parties have been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256. This case has been pending for over a year. The Second Circuit has applied a presumption of prejudice where the plaintiff fails to respond to a court order for even shorter periods of time. *See, e.g.*, *Yadav v. Brookhaven Nat. Laboratory*, 487 Fed. App'x 671, 673 (2d

4

Cir. 2012) (affirming dismissal where Plaintiff caused a delay of three months); *see also Brow*,

391 F. App'x at 937 (affirming dismissal where plaintiff caused a delay of nearly six months).

As such, Defendants here are presumed to be prejudiced.  *See Wade v. Nassau Cnty.*, 674 F.

App'x 96, 97–98 (2d Cir. 2017) (affirming dismissal where "the defendants [ ] had actively

defended [the] case" and "would be prejudiced by further delay.").

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest

in her chance to be heard weighs in favor of dismissal.  This prong is satisfied where the Court

affords a plaintiff "ample time to inform the Court that [it] [stands] ready to press [its] claims[.]"

*Ruzsa*, 520 F.3d at 177–78.  Here, prior to pursuing dismissal, the Court granted Plaintiff several

opportunities to file her opposition briefs and avoid dismissal for failure to prosecute.  Indeed,

Plaintiff has not attempted to prosecute this case for over six months.[1]  In other words, Plaintiff

has been given ample time to indicate a readiness to proceed, which she has not.  *See id.* (finding

fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failures to respond to the Court's orders, no lesser

sanctions would be effective.  *See, e.g.*, *Horton v. City of New York*, No. 14-CV-04279, 2015

WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the

Court's orders and prosecute this case, despite warning from this Court that the case would be

dismissed.  Further warnings are likely to be futile.  No lesser sanction would be effective and

dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*,

No. 14-CV-04279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822,

824 (2d Cir. 2016).  Indeed, in light of the substantial period that has lapsed since Plaintiff has

---

[1] Plaintiff's last filing was a letter dated June 13, 2023, correcting dates from a prior filing.  (ECF No. 28.)

taken any meaningful action in the case, the Court is hard pressed to see how any other sanction

might move Plaintiff to act.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED.  The Clerk of Court is respectfully

directed to mail a copy of this Order to Plaintiff's last known address and close this case.


SO ORDERED.

Dated: Brooklyn, New York          /s/ LDH
       January 8, 2024             LaSHANN DeARCY HALL
                                   United States District Judge